**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 22-4168

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REGINALD LAMONT SUMMERS, II,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00022-WO-1)

───────────

Submitted:  September 22, 2022                    Decided:  September 26, 2022

───────────

Before WILKINSON, DIAZ, and RUSHING, Circuit Judges.

───────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

───────────

**ON BRIEF:** Eugene E. Lester III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Veronica Lynn Edmisten, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Lamont Summers, II, pled guilty, pursuant to a written plea agreement, to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[*] The district court sentenced Summers to 147 months' imprisonment. On appeal, Summers' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. In his pro se supplemental brief, Summers argues that his § 924(c) conviction is infirm in light of *United States v. Taylor*, 142 S. Ct. 2015, 2025-26 (2022) (holding that attempted Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c)). The Government moves to dismiss the appeal as barred by the appellate waiver included in Summers' plea agreement; Summers opposes the motion. We dismiss in part and affirm in part.

First, we conclude that Summers knowingly and voluntarily waived his right to appeal and that the issue Summers seeks to raise on appeal falls squarely within the scope of his waiver of appellate rights. Second, in accordance with *Anders*, we have reviewed the record in its entirety, and we have found no meritorious issues for appeal outside the scope of the waiver. Accordingly, we grant, in part, the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment.

---

[*] The predicate offenses underlying Summers' § 924(c) conviction were Hobbs Act robbery and carjacking.

2

This court requires that counsel inform Summers, in writing, of the right to petition the Supreme Court of the United States for further review. If Summers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Summers. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*